FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 11 2010

By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| RAPHAEL VANBLARICOM,<br><br>  Plaintiff,<br><br>v.<br><br>CENTRAL CREDIT SERVICES, INC.,<br><br>  Defendant. | 4:10-CV-093 JMM<br><br>This case assigned to District Judge Moody<br>and to Magistrate Judge _____ |

## COMPLAINT

NOW COMES the Plaintiff, RAPHAEL VANBLARICOM, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CENTRAL CREDIT SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RAPHAEL VANBLARICOM, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Little Rock, County of Pulaski, State of Arkansas.

5. CENTRAL CREDIT SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Florida.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. On or about November 1, 2009, Plaintiff received a telephone call from Mr. Jason Wolf, a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. In or around October 2009, Defendant proceeded to contact Plaintiff's mother by telephone and stated it was a debt collector and that Plaintiff owed a debt.

12. Plaintiff did not consent to Defendant contacting third parties.

13. On or about November 30, 2009, Defendant contacted Plaintiff by telephone at his place of employment.

14. Plaintiff specifically advised Defendant that he was unable to accept calls of such a nature at his place of employment.


15. Despite being advised by Plaintiff that he could not accept calls at his place of employment, Defendant continued to call Plaintiff at Plaintiff's workplace.

16. In or around December 2009, during the course of one its telephone calls to Plaintiff, Defendant was advised by Plaintiff that Plaintiff had retained the legal counsel and that all further communications should be directed to his legal counsel.

17. Plaintiff specifically advised Defendant of the name of his legal counsel.

18. Defendant could readily ascertain Plaintiff's counsel's address and other contact details.

19. Despite being apprised by Plaintiff that he was represented by an attorney, Defendant proceeded to communicate with Plaintiff.

20. Plaintiff did not consent to further communication with Defendant.

21. Plaintiff's attorneys had not consented for Defendant to have direct communication with Plaintiff

22. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

  d. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

  e. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

  f. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

  g. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

  h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RAPHAEL VANBLARICOM, by and through his attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

4

Respectfully submitted,
**RAPHAEL VANBLARICOM**

By _____
David M. Marco
Attorney for Plaintiff

Dated: February 8, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us

5